**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| LENNIE FARROW, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. 3:22-cv-422 |
| FLY E-BIKE, INC., | ) ) ) | JURY TRIAL DEMANDED |
| *Defendant*. | ) | ON ALL COUNTS |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Lennie Farrow, files this complaint against defendant Fly E-Bike, Inc. and for cause of action shows the Court as follows:

## I. PARTIES

1. Plaintiff Lennie Farrow (Plaintiff) resides in Harris County, Texas. She was severely injured in Harris County, Texas by Defendant's defective electric bicycle.

2. Defendant Fly E-Bike, Inc. (Fly E-Bike) is a foreign corporation, incorporated in the State of New York, with its principal place of business in New York. Defendant Fly E-Bike may be served with process through its registered agent, Zhou Ou, at 136-40 39th Ave., Queens, New York, 11354.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Specifically, there is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff is a Texas resident and Defendant is a foreign corporation, and Plaintiff is alleging an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over Defendant because the defective electronic bicycle at issue, which was manufactured, marketed, and/or sold by Defendant, was purchased in Texas by a citizen of Texas. Further, Defendant's defective electronic bicycle injured Plaintiff in this district of the State of Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district and are due to Defendant's substantial contacts with this district, including the marketing and sale of electronic bicycle and other products in this district.

### III. FACTS

6. On September 12, 2022, Plaintiff purchased the electronic bicycle at issue from defendant Fly E-Bike's Houston, Texas retail store.

7. The electronic bicycle was designed, manufactured, and introduced into the stream of commerce by defendant Fly E-Bike, who was engaged in the business of designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, and distributing various types of electronic bicycles, including the type of bicycle which injured Plaintiff. Defendant Fly E-Bike sold these products, including the electronic bicycle at issue, online and at their retail stores.

8. On September 15, 2022, Plaintiff was riding the electronic bicycle she purchased from defendant Fly E-Bike on her way to Defendant's Houston retail store. Plaintiff was told to return the bike to replace damaged pedals. Without warning, during typical use, the electronic bicycle locked up when Plaintiff was attempting to make a U-turn turning left. This caused Plaintiff to lose control of the electronic bicycle which then spun and flipped. This caused Plaintiff to fall onto the pavement severely injuring her right leg and her body generally.

## IV.  CAUSES OF ACTION

### A.  STRICT PRODUCTS LIABILITY

9. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

10. It was the duty of defendant Fly E-Bike to design, manufacture, test, market, advertise, label, distribute, and sell defendant Fly E-Bike electronic bicycles so they are reasonably safe for foreseeable use.

11. At the time the electronic bicycles at issue left the control of defendant Fly E-Bike and was sold, it contained one or more conditions which rendered it defective and unreasonably dangerous in light of its nature and intended use.

12. At all times, the Fly E-Bike electronic bicycle was used in the manner intended, recommended, or reasonably foreseeable by defendant Fly E-Bike.  There were and are no other reasonable, secondary causes of Plaintiff's injuries and damages other than the use of the electronic bicycle.

13. The electronic bicycle defendant Fly E-Bike manufactured and/or supplied was defective in design, manufacture, and/or warning in that when it left the hands of defendant Fly E-Bike, the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

14. The electronic bicycle defendant Fly E-Bike designed, manufactured, marketed, sold, and supplied, and Plaintiff purchased and used was defective in its design, manufacture, and labeling in that defendant Fly E-Bike knew or should have known of its dangers and risks of locking up but failed to adequately warn or instruct users like Plaintiff of the nature and extent of those risks.

15. The electronic bicycle defendant Fly E-Bike designed, manufactured and/or supplied was defective in design in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner. Specifically, the electronic bicycle had poorly designed electrical and/or mechanical components that created an unreasonable risk of harm that was unknown and could not have been known by users like Plaintiff.

16. Safer alternative designs of electronic bicycles are available and are currently marketed by similar designers, manufacturers, sellers, distributors, and/or suppliers.

17. The electronic bicycle defendant Fly E-Bike designed, manufactured and/or distributed was also defective in that defendant Fly E-Bike failed to adequately test this product before placing it into the stream of commerce.

18. As a direct and proximate result of the defective conditions of the electronic bicycle as manufactured by defendant Fly E-Bike, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**B. NEGLIGENCE**

19. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

20. Defendant Fly E-Bike had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling and/or distribution of the electronic bicycle it placed into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

21. Defendant Fly E-Bike breached their duty of care to the Plaintiff through their negligent acts and omissions. Defendant Fly E-Bike did not exercise reasonable care in the

warning, design, manufacture, sale, testing, labeling and/or distribution into the stream of commerce of the electronic bicycle in that Defendant Fly E-Bike knew or should have known that the electronic bicycle could cause serious injuries.

22. Defendant Fly E-Bike were negligent in the design, manufacture, sale, testing, and/or distribution of the electronic bicycle in that it: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing the electronic bicycle so as to avoid or warn against the described risks to consumers who used the electronic bicycle; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of the electronic bicycle despite having actual and/or constructive knowledge of such dangers.

23. Defendant Fly E-Bike knew or should have known that Plaintiff and other users could foreseeably suffer injuries as a result of defendant Fly E-Bike's failure to exercise ordinary care as described above.

24. As a direct and proximate result of Defendant Fly E-Bike's negligence, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**C.     BREACH OF EXPRESS WARRANTY**

25. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

26. Defendant Fly E-Bike was a merchant and seller with respect to the Fly E-Bike electronic bicycle.

27. To induce the purchase and/or use of the electronic bicycle, defendant Fly E-Bike expressly warranted to potential users of the electronic bicycle that it was safely designed, tested, and manufactured and was safe for the uses for which it was designed and/or advertised to be

5

used. Express warranties were made by sales representatives at defendant Fly E-Bike's Houston retail location and contained in information on the product pages on defendant Fly E-Bike's website, and elsewhere.

28. Defendant Fly E-Bike breached said warranty in that the electronic bicycle was not safe to be used for the purposes for which it was manufactured and/or advertised.

29. Plaintiff was injured as a result of detrimental reliance upon defendant Fly E-Bike' express warranties.

30. As a direct and proximate result of one or more of the foregoing breaches of express warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

**D.   BREACH OF IMPLIED WARRANTY**

31. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

32. Defendant Fly E-Bike was a merchant seller with respect to the electronic bicycle.

33. To induce the purchase and/or use of the electronic bicycle, defendant Fly E-Bike impliedly warranted to potential users of the electronic bicycle that it was safely designed, tested, and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

34. Defendant Fly E-Bike breached this warranty in that the electronic bicycle was not safe for the uses for which it was manufactured and/or advertised.

35. Plaintiff was injured as a result of detrimental reliance upon defendant Fly E-Bike's implied warranties.

36. As a direct and proximate result of one or more of the foregoing breaches of implied warranty, Plaintiff suffered injuries and damages as described, in excess of $75,000.00.

## V. DAMAGES

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

38. The facts set out above demonstrate that, as a direct and proximate result of defendant Fly E-Bike's conduct, Plaintiff has suffered severe economic and non-economic losses and injuries for which she is entitled to recover damages in excess of $75,000.00, including the following:

   (a) bodily injury, disfigurement, physical pain, mental anguish, mental suffering, embarrassment, shame, and loss of enjoyment of life in the past and in the future;

   (b) the reasonable and necessary expenses for the medical treatment rendered to Plaintiff in the past and that will be medically probable in the future;

   (c) Plaintiff's mental and physical impairment suffered in the past and in the future;

   (d) all other actual damages available under applicable law;

   (e) costs of this suit; and

   (f) such further relief as this Court deems necessary, just and proper.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant Fly E-Bike be cited to appear and answer herein. That upon final trial, Plaintiff has judgment against Defendant Fly E-Bike, in excess of this Court's jurisdictional requisite for actual damages, costs of court, and any other relief that will fairly and adequately compensate for the losses herein alleged.

Respectfully submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Alma J. Reyes*
    **Cesar Tavares**
    Attorney-In-Charge
    State Bar No. 24093726
    SDTX Bar No. 2572168
    **Alma J. Reyes**
    State Bar No. 24064392
    SDTX Bar No. 1054792
    **Michael Samaniego**
    State Bar No. 24115715
    SDTX Bar No. 3782332
    8441 Gulf Frwy, Suite 600
    Houston, Texas 77017-5001
    (713) 230-2200- Telephone
    (713) 643-6226- Facsimile
    tavareslitteam@whlaw.com - E-Service Email

    **ATTORNEYS FOR PLAINTIFF**