IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **LENNIE FARROW** <br> *Plaintiff,* | ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 3:22-cv-422 |
| **FLY E-BIKE, INC.** <br> *Defendant.* | ) <br> ) <br> ) <br> ) | JURY DEMANDED |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Fly E-bike, Inc. ("Named Defendant" or "Defendant") files its Original Answer to Plaintiff Lennie Farrow's Original Complaint (Doc No. 1) in this Action. ("Complaint").

I. ANSWER

1. Paragraph 1 of the Complaint does not require an admission or denial because it contains non-factual allegations of legal conclusions. Out of the abundance of caution, the Defendant denies the allegations in Paragraph 1 of the Complaint. Defendant has no knowledge or information to form a belief about the truth of the factual allegations in Paragraph 1 of the Complaint, and therefore, denies those factual allegations.

2. Defendant denies Plaintiff's allegations in Paragraph 2 as it is not a proper party that is subject to this Action.

3. Defendant denies Plaintiff's allegations in Paragraph 3.

4. Defendant denies Plaintiff's allegations in Paragraph 4.

5. Defendant admits that to the extent the jurisdiction over Defendant is proper, which Defendant denies, venue in the district governing Harris County, Texas is proper.

6. Defendant admits that Plaintiff purchased the electronic bicycle at issue. Defendant has no knowledge or information to form a belief about when and where Plaintiff made the purchase. Defendant denies the rest of the allegations contained in Paragraph 6.

7. Defendant denies all the allegations in Paragraph 7 of the Complaint.

8. Defendant has no knowledge or information to form a belief about the truth of the allegations in Paragraph 8; therefore, denies those allegations and their associated characterizations.

9. Paragraph 9 does not require admission or denial of the general incorporation. To the extent Paragraph 9 is intended to require Defendant to assert specific answers, Defendant incorporates its answers to the specifically-stated incorporated paragraphs.

10. Defendant denies all the allegations in Paragraph 10 of the Complaint.

11. Defendant denies all the allegations in Paragraph 11 of the Complaint.

12. Defendant denies all the allegations in Paragraph 12 of the Complaint.

13. Defendant denies all the allegations in Paragraph 13 of the Complaint.

14. Defendant denies all the allegations in Paragraph 14 of the Complaint.

15. Defendant denies all the allegations in Paragraph 15 of the Complaint.

16. Defendant denies all the allegations in Paragraph 16 of the Complaint.

17. Defendant denies all the allegations in Paragraph 17 of the Complaint.

18. Defendant denies all the allegations in Paragraph 18 of the Complaint and further denies that Plaintiff is entitled to the relief and/or damages requested in her Complaint.

19. Paragraph 19 does not require admission or denial of the general incorporation. To the extent Paragraph 19 is interpreted as requiring Defendant to make specific answers, Defendant incorporates its answers to the specifically-stated incorporated paragraphs.

20. Defendant denies all the allegations in Paragraph 20 of the Complaint.

21. Defendant denies all the allegations in Paragraph 21 of the Complaint.

22. Defendant denies all the allegations in Paragraph 22 of the Complaint.

23. Defendant denies all the allegations in Paragraph 23 of the Complaint.

24. Defendant denies all the allegations in Paragraph 24 of the Complaint and further denies that Plaintiff is entitled to the relief and/or damages requested in her Complaint.

25. Paragraph 25 does not require admission or denial of the general incorporation. To the extent Paragraph 25 is interpreted as requiring Defendant to make

specific answers, Defendant incorporates its answers to the specifically-stated incorporated paragraphs.

26. Paragraph 26 does not require an answer because it required Defendant to make a legal conclusion regarding a legal principle. Out of the abundance of caution, Defendant denies all the allegations in Paragraph 26 of the Complaint.

27. Defendant denies all the allegations in Paragraph 27 of the Complaint.

28. Defendant denies all the allegations in Paragraph 28 of the Complaint.

29. Defendant denies all the allegations in Paragraph 29 of the Complaint.

30. Defendant denies all the allegations in Paragraph 30 of the Complaint and further denies that Plaintiff is entitled to the relief and/or damages requested in her Complaint.

31. Paragraph 31 does not require admission or denial of the general incorporation. To the extent Paragraph 31 is interpreted as requiring Defendant to make specific answers, Defendant incorporates its answers to the specifically-stated incorporated paragraphs

32. Paragraph 32 does not require an answer because it calls for legal conclusion regarding a legal principle. Out of the abundance of caution, Defendant denies all the allegations in Paragraph 32 of the Complaint.

33. Defendant denies all the allegations in Paragraph 33 of the Complaint.

34. Defendant denies all the allegations in Paragraph 33 of the Complaint.

35. Defendant denies all the allegations in Paragraph 34 of the Complaint.

36. Defendant denies all the allegations in Paragraph 36 of the Complaint and further denies that Plaintiff is entitled to the relief and/or damages requested in her Complaint.

37. Paragraph 37 does not require admission or denial of the general incorporation. To the extent Paragraph 37 is interpreted as requiring Defendant to make specific answers, Defendant incorporates its answers to the specifically-stated incorporated paragraphs

38. Defendant denies all the allegations in Paragraph 38 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief and/or damages requested in her Complaint.

## II.   AFFIRMATIVE DEFENSES

### First Affirmative Defense

39. Defendant is not liable to Plaintiff because it was improperly named as a Defendant in this Action.

### Second Affirmative Defense

40. If Plaintiff was damaged, as alleged, which is denied, Plaintiff's damages occurred as a result of acts of others for which Defendant is not legally responsible and

hereby expressly invokes all the provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

### Third Affirmative Defense

41. If Defendant was negligent, which is denied, then recovery is denied in whole or in part by the comparative negligence of Plaintiff or individuals or entities, whether named or unnamed, whose actions or inactions were the direct and proximate cause of the injuries and damages, if any, as alleged in the Complaint and expressly invokes the provisions of Chapter 32, 33 of the Texas Civil Practice and Remedies Code, including but not limited to contribution, and to proportionate responsibility, comparative fault, and/or to pursue a percentage reduction, monetary credit, offset or relief provided under the laws of Texas in the event of settlements or judgment against other alleged tortfeasors, as well as responsible third parties.

### Fourth Affirmative Defense

42. Defendant invokes the provisions of Section 41.015 of the Texas Civil Practice & Remedies Code regarding the recovery of medical expenses.

### Fifth Affirmative Defense

43. Defendant is not liable to Plaintiff in whole or in part, because Plaintiff failed to satisfy conditions precedent.

### Sixth Affirmative Defense

44. Pleading further, Plaintiff's claims are barred or limited in whole or in part, by applicable State and Texas statutory and/or case law.

### Seventh Affirmative Defense

45. Pleading further, if necessary, to the extent that Plaintiff seeks prejudgment interest from the Defendant, this Defendant asserts the limitations for prejudgment interest set forth in the Texas Finance Code.

### Eighth Affirmative Defense

46. Pleading further, Defendant asserts that Plaintiff's claims are barred in whole or in part, because the Complaint failed to state a claim against Fly E-Bike, Inc. upon which relief can be granted.

### Ninth Affirmative Defense

47. Pleading further, Defendant asserts that all of Plaintiff's claims are barred by Plaintiff's failure to mitigate damages she allegedly suffered.

### Tenth Affirmative Defense

48. Pleading further, Defendant asserts that Plaintiff sued Defendant under more than one theory of recovery for a single alleged wrong and must elect the remedy under which they wish the court to render judgment.

### Eleventh Affirmative Defense

49. Pleading further, if necessary, Defendant asserts that if said product was in any way defective, which Defendant expressly denies, said defect occurred at some time subsequent to leaving the manufacturer's and/or Defendant's possession as a result of the manner in which it was handled or used over which Defendant had no control.

### Twelfth Affirmative Defense

50. Pleading further, if necessary, Defendant asserts Defendant's liability, if any, which Defendant specifically denies, is purely passive and/or technical, while the liability of others whether named or unnamed is actual and active, thus entitling Defendant to full indemnification from those parties that are actively negligence or at fault.

### Thirteenth Affirmative Defense

51. Pleading further, Defendant asserts that Defendant is entitled to a credit or contribution from any other parties, including Plaintiff, for the percentage the court or jury assess.

### Fourteenth Affirmative Defense

52. Pleading further, if necessary, Defendant asserts that there should be no recovery of punitive damages against this Defendant because any such recovery would violate:

   a. The Eighth Amendment to the Constitution of the United States;
   b. The Fourteenth Amendment to the Constitution of the United States;

    c. The Fifth Amendment to the Constitution of the United States;

    d. The Tenth Amendment to the Constitution of the United States;

    e. Federal Common Law; and

    f. Applicable Texas Common Law.

53. Pleading further, if necessary, Defendant asserts the following regarding allegations of malice and exemplary or punitive damages against Defendant:

    a. Defendant invoke the provisions and protections of Chapter 41 of the Texas Civil Practice & Remedies Code avers that proper clear and convincing burden of proof as to the alleged punitive damages and for the appropriate definition of gross negligence to be submitted to other trier of fact, and rely on other statutory limitations afforded to it, including the statutory limit on the extent of punitive damages that may be awarded.

    b. Pleading further, Defendant expressly invoke the protections of Section 41.008(a) of the Texas Civil Practice & Remedies Code as an affirmative defense to Plaintiff's claim for economic damages.

    c. Pleading further, Defendant expressly asserts that Plaintiff's claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference;

    d. Pleading further, Defendant expressly asserts that Plaintiff's claim for malice and punitive or exemplary damages against Defendant, which Defendant denies, must be assessed by the unanimous verdict of all jurors;

### Fifteenth Affirmative Defense

54. Plaintiff has failed to set forth her claims with sufficient particularity to permit Defendant to raise all affirmative defenses, and for this reason, Defendant reserves the right to raise any and all other defenses as the Action further develops.

## III.   PRAYER

WHEREFORE, Defendant requests that the Court enter a judgment in favor of Defendant that Plaintiff takes nothing and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**GAUNTT KOEN BINNEY & KIDD, L.L.P.**

 /s/ *Lingling E. Dai*
Ling E. Dai
Attorney-in-Charge
Texas State Bar No.: 24074104
S.D. Tex. Bar No.: 1733805
25700 Interstate 45 North, Suite 130
Spring, Texas 77386
Telephone: (713) 367-6555
Facsimile: (713) 367-3705
ling.dai@gkbklaw.com
**ATTORNEY FOR DEFENDANT
FLY E-BIKE, INC.**

## **CERTIFICATE OF SERVICE**

  I certify that on March 2, 2023, a copy of the foregoing document was field through the Court's ECF system and was served upon all parties by electronic means through transmission facilities from the Court and was also served via email.

            */s/ Lingling E. Dai*
            Ling E. Dai